UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURLEY JOHN BROUSSARD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | Case No. 17-cv-00654-HSG (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner incarcerated at Kern Valley State Prison, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis is granted in a separate order. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A and dismisses the complaint with leave to amend within thirty days.

## DISCUSSION

A.　Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). "Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  <u>Legal Claims</u>

The complaint does not comply with Federal Rule of Civil Procedure 20(a). Rule 20(a)(2) provides that all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id.*

Plaintiff's complaint includes a wide variety of claims, including: (1) "fraudulent concealment" in relation to his state court conviction and sentencing; (2) deliberate indifference to plaintiff's safety, leading to his assault by another inmate; (3) fraudulent rules violation reports; (4) excessive force; (5) denial of access to the courts; (6) retaliation; (7) deprivation of personal

2

1  property; and (8) deliberate indifference to serious medical needs.  The complaint indicates these

2  various events happened over a span of approximately thirty years and at several different prisons.

3  In his amended complaint, plaintiff may only allege claims that (a) arise out of the same

4  transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law

5  or fact common to all defendants named therein.  Plaintiff needs to choose the claims he wants to

6  pursue that also meet the joinder requirements.

7  The Court also notes that plaintiff has failed to identify the dates on which the alleged

8  violations occurred or how each defendant acted to cause the violations.  Plaintiff should state

9  each claim separately, and for each separately claimed violation of his constitutional rights, he

10 must state what occurred and the dates on which the events occurred.  He also must identify each

11 defendant he proposes to hold liable for each claim, and allege facts showing what each of those

12 persons did or failed to do that violated his constitutional rights.

## CONCLUSION

14 For the foregoing reasons, the Court hereby orders as follows:

15 1. Plaintiff's complaint is DISMISSED with leave to amend.

16 2. If plaintiff can cure the pleading deficiencies described above, he shall file an

17 amended complaint within **thirty (30) days** from the date this order is filed.  The amended

18 complaint must include the caption and civil case number used in this order (C 17-0654 HSG

19 (PR)) and the words AMENDED COMPLAINT on the first page.  Plaintiff must file separate

20 individual actions for unrelated claims against unrelated defendants.  He also must either pay the

21 $400.00 filing fee, or file a completed court- approved in forma pauperis application, for each

22 separately-filed action.  *See* 28 U.S.C. § 1915.  **Failure to file a proper amended complaint in**

23 **the time provided will result in the dismissal of this action without further notice to plaintiff.**

24 3. Plaintiff is further advised that an amended complaint supersedes the original

25 complaint.  Plaintiff may not incorporate material from the prior complaint by reference.

26 4. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

27 Court informed of any change of address by filing a separate paper with the clerk headed "Notice

28 of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to

1  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
2  Civil Procedure 41(b).
3       5.   The Clerk shall send plaintiff two copies of the court's blank civil rights form along
4  with a copy of this order.
5       **IT IS SO ORDERED.**
6  Dated:  3/31/2017

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge

4