UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CURLEY JOHN BROUSSARD,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Case No. 17-cv-00654-HSG (PR)

**ORDER OF DISMISSAL**

Plaintiff, a California prisoner, has filed this *pro se* civil rights complaint under 42 U.S.C. § 1983. He was granted leave to proceed in forma pauperis.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(g), the Court found that it improperly joined a variety of claims into a single complaint. *See* Fed. R. Civ. P. 18, 20. Specifically, the complaint asserted claims for: (1) "fraudulent concealment" in relation to his state court conviction and sentencing; (2) deliberate indifference to plaintiff's safety, leading to his assault by another inmate; (3) fraudulent rules violation reports; (4) excessive force; (5) denial of access to the courts; (6) retaliation; (7) deprivation of personal property; and (8) deliberate indifference to serious medical needs. The complaint indicated these various events happened over a span of approximately thirty years, began prior to his incarceration, and took place at several different prisons thereafter. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (federal joinder rules prohibit prisoner filing "buckshot complaint" that joins unrelated claims against different defendants, e.g. "a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions"). Because it could not be discerned which of the broad array of claims plaintiff would want to

eliminate, the case was dismissed with leave to file an amended complaint that, pursuant to federal joinder rules, only included claims that arise out of the same transaction, occurrence, or series of transactions or occurrences and present questions of law or fact common to all defendants. *See* Fed. R. Civ. P. 20(a). He was cautioned that his failure to do so would result in the dismissal of this case.

Plaintiff has filed an amended complaint that suffers from the same deficiencies as the original complaint. It names multiple different actors who allegedly violated plaintiff's constitutional rights, spanning back to his original detention and conviction in Los Angeles County Superior Court in 1983. Plaintiff asserts a wide variety of constitutional violations against different defendants, but at no point does he list his claims. He also submitted his amended complaint using three separate civil rights complaint forms, without explanation. In sum, the amended complaint is a prototypical "buckshot" complaint alleging different and unrelated claims against different defendants. As plaintiff has been informed that such a complaint is prohibited, and as he has been afforded an opportunity to cure this type of deficiency in his pleadings but has failed to do so, this case is DISMISSED without prejudice to filing a new complaint in a new case that complies with the Federal Rules of Civil Procedure.

The Court notes that plaintiff devotes much of his amended complaint to his allegations that he was wrongfully convicted based upon false testimony and has been illegally detained. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005). Often referred to as the favorable termination rule, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release *or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody*." *Wilkinson*, 544 U.S. at 81 (emphasis added). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) —if success in that action would necessarily

1  demonstrate the invalidity of confinement or its duration." *Id.* at 81-82. Plaintiff cannot circumvent the favorable termination rule by couching his claims as injury that would not have occurred but for his wrongful conviction.

A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). The opposite is not true, however: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, if upon reflection, plaintiff finds that a federal habeas petition is the more proper avenue for his claims and the relief that he seeks, he must file a separate federal habeas action under 28 U.S.C. § 2254 in the district of his conviction, here the Central District of California.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: 9/29/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge